No. 28,032.

KATE E. BAKER, *Appellant*, v. LUCY M. DAUGHERTY et al., *Appellees*.

(266 Pac. 738.)

Opinion filed May 5, 1928.

*Patrick Hayes*, of Atchison, and *Floyd W. Hobbs*, of Holton, for the appellant.

*Albert M. Cole*, of Holton, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a promissory note and to foreclose a real-estate mortgage. The only controverted question in the case is whether defendants should be allowed a claimed credit of $500. The trial court made findings of fact and conclusions of law favorable to the defendants on the controverted issue. Plain-

tiff has appealed and contends that there was no evidence to support the findings and conclusion of the court on that issue.

The facts are not seriously disputed and are substantially these: One P. M. Haas was a real-estate and loan broker at Holton. Defendants made application to Haas for a loan of $4,000 on land owned by them. The loan was procured from Charles Linley, of Atchison, for a term of five years, and defendants executed the note and mortgage therefor. These instruments are dated March 8, 1920. Interest was payable annually, for which coupons were executed. Charles Linley was named as the payee in the note and coupons and the grantee in the mortgage. The note contained this provision:

"Both principal and interest notes payable at office of P. M. Haas, Holton, Kan. . . . It is agreed that the sum of $100, or any multiple thereof, may be paid on the principal of this note at the maturity of any interest coupon, after one year from date."

On March 27, 1920, Charles Linley sold and indorsed the note and interest coupons and assigned the mortgage to the plaintiff, Kate E. Baker, of Atchison. She kept the papers at a bank at Atchison, where she did business, and the interest coupons were paid to her through the bank. The assignment from Linley to the plaintiff was recorded April 30, 1925.

On October 22, 1925, defendants paid to Haas certain money to take up interest coupons, and also $1,000 to be applied upon the principal of this note. Neither Haas nor defendants advised plaintiff of that transaction. On February 3, 1926, Haas remitted $500 to the bank at Atchison, which was received by plaintiff and credited upon the note. Later defendants gave Haas $727.75 for the purpose of paying an interest coupon, and $500 upon the principal. This money was not remitted to plaintiff and she knew nothing of it. Plaintiff brought her action to foreclose the mortgage, giving credit for $500 only paid on the principal. Thereafter defendants' counsel contended there should be additional credits. A conference was had between plaintiff and defendants' counsel and defendants, in which it was agreed that defendants should procure from Haas the $727.75 which had been paid to him and pay that money to plaintiff, and that was done. Defendants and their counsel also agreed to procure from Haas the money previously paid to him which he had not remitted to plaintiff and to pay that to plaintiff by a certain date. Defendants were unable to get this money from Haas, and that payment was not made. In the pleadings defendants really

ask credit for the $1,000 paid to Haas on October 22, 1925, but it developed at the trial that $500 of that had been paid by Haas some months later to the bank at Atchison and had been received by plaintiff. The contention was then made that defendants should have received credit for $1,000 instead of $500, and this upon the theory that Haas was the agent of plaintiff for the purpose of receiving payments of interest and principal. The court found under the facts as above stated that Haas was such agent for the plaintiff. The evidence does not sustain that finding. Haas was never the payee. The assignment to plaintiff had been recorded nearly six months before the payment of October 22, 1925. That payment was not made at an interest payment date, for the interest was payable March 8 each year; hence defendants had no privilege, by the terms of the mortgage, to pay on the principal at that time. The recital in the note that the principal and interest was payable at the office of P. M. Haas simply designated a place of payment. It did not make anyone agent to receive money for plaintiff. (*Bryner v. Reynolds*, 117 Kan. 427, 232 Pac. 219; *Juniata College v. Warren*, 118 Kan. 228, 235 Pac. 98.) Earlier cases are cited in these opinions. Appellee cites and relies on *Walmer v. Redinger*, 116 Kan. 580, 227 Pac. 329. The case is not in point. There the mortgage was made payable to Pettyjohn & Co. at their office. The assignee of the mortgage had for many years made Pettyjohn & Co. his agent for the investment, collection and reinvestment of funds, not only with respect to the mortgage in question, but with respect to other investments. From this, and the course of dealing in the particular mortgage in question, this court concluded that the trial court had evidence on which to base a finding that Pettyjohn & Co. was agent for the assignee of the mortgage in suit for the purpose of receiving payments. There is no such situation in this case. The evidence does not disclose that Linley had any other business transaction with Haas or with defendants, and the evidence clearly shows that the plaintiff had no direct business transaction with Haas at any time. On the other hand Haas was the agent of defendants not only for the purpose of procuring this loan, but others, and handling other business transactions for defendants, for which they paid him.

The judgment of the court below will be reversed, with directions to disallow the credit of $500 allowed by the trial court.